IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-80456-TLS |
| | ) | |
| TIMOTHY D. HUSTON and | ) | CH. 13 |
| MARGARET J. HUSTON, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

On October 12, 2012, Debtors filed their objection to Wells Fargo's Notice of Post-Petition Mortgage Fees, Expenses, and Charges (Fil. #25). Wells Fargo did not respond. For the following reasons, the objection is overruled without prejudice.

Debtors' objection states that "Wells Fargo Bank is attempting to include postpetition attorney fees that are not allowed." The objection further requests that "the postpetition claim be disallowed . . . ." Debtors appear to misunderstand the effect of the notice filed by the creditor and the purpose of Bankruptcy Rule 3002.1(c). Pursuant to that Rule, the holder of a claim secured by a debtor's principal residence that is provided for under § 1322(b)(5) of the Code in the debtor's plan is required to notify the debtor of any fees, expenses, or charges incurred *after* the bankruptcy case was filed if the creditor believes such charges are recoverable against the debtor or the debtor's residence. The notice is *not* an amendment to the creditor's proof of claim and will not be paid to the creditor under the terms of the plan. It is simply a notice to the debtor that when the bankruptcy case is over, the creditor will be seeking repayment of certain expenses pursuant to the terms of its loan documents.

Under Bankruptcy Rule 3002.1(e), a debtor has one year after service of the 3002.1(c) notice to file a motion to determine whether payment of the claimed expense is required by the underlying loan documents and applicable nonbankruptcy law. In this case, Debtors did not file a motion to determine but instead filed an "objection" to the creditor's notice. The court could have treated the "objection" as a motion to determine since Debtors did include a notice under Local Rule 9013-1 with an appropriate resistance period. However, the court will not do so in light of Debtors' apparent misunderstanding regarding the effect of the notice filed by the creditor and the purpose of Rule 3002.1.

If Debtors still wish to challenge the creditor's entitlement to its post-petition fees and expenses pursuant to the underlying loan documents and applicable nonbankruptcy law, Debtors should file an appropriate motion within the time limit set forth in Bankruptcy Rule 3002.1(e) and serve the same on the creditor at the address set forth in its proof of claim, as well as the address set forth in the request for notice filed by its attorney (Fil. #7).

DATED: November 6, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Rebecca Abell-Brown
    Jonathon B. Burford
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.